NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IRMA FARKAS,<br><br>        Plaintiff,<br><br>V.<br><br>LOUIS GARLATTI, *et al.*,<br><br>        Defendants. | Civil Action No.: 17-13673 (JLL)<br><br>OPINION |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Defendants Louis Garlatti, Jr. and Glenn Garlatti's Motion to Dismiss Plaintiff Irma Farkas' Amended Complaint for Failure to State a Claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 13). Plaintiff has filed opposition, and Defendants have replied thereto. (ECF Nos. 14, 15). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, Defendants' motion is denied.

## I.     BACKGROUND[1]

On February 5, 2015, Defendants' sister, Faith Garlatti, sent Plaintiff a letter stating "[m]y siblings and I are currently looking for someone to help my Dad a few hours a day." (FAC ¶ 11).[2] Defendants hired Plaintiff soon thereafter. (FAC ¶ 11). From February 2015 through May 2016,

---

[1] This record is derived from Plaintiffs' Amended Complaint, (ECF No. 8 ("FAC")), which the Court must accept as true at this stage of the proceedings. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

[2] There appears to be a typographical error in paragraph 11 of the Amended Complaint, as it states that Plaintiff was offered employment on February 5, 2016 while the rest of the Amended Complaint refers to Plaintiff's start date as February 2015. (*See* FAC ¶¶ 8, 24). The Court will therefore disregard same and consider the relevant time frame to begin in February 2015.

Plaintiff was employed on a full-time basis to take care of Defendants, their father, and other family members. (FAC ¶ 8). Plaintiff's work included "non-exempt caring, driving, cooking, cleaning, and various other duties for the Defendants' father, as well as the Defendants, and Defendants' family members." (FAC ¶ 5). During Plaintiff's employment, Defendants determined and hand wrote Plaintiff's work schedule, which contained the days, hours, and location Plaintiff would work, as well as the duties Plaintiff would have to perform. (FAC ¶¶ 14–20). Defendants regularly supervised Plaintiff while she cared for their father. (FAC ¶ 21).

Plaintiff was paid an hourly rate of $25.00 per hour. (FAC ¶¶ 24–25). Plaintiff worked five or six days per week, and worked approximately 65 to 75 hours per week. (FAC ¶¶ 26–27). Defendants would occasionally pay Plaintiff from a checking account which delineated their names at the top of the check. (FAC ¶ 12). The other checks used to pay Plaintiff were electronic and unsigned, but had the same address as the checks which contained Defendants' names. (FAC ¶ 13). Many of the unsigned checks contained handwritten notes. (FAC ¶ 22). These notes were allegedly written in Defendants' handwriting and documented the check number, the account where the money came from, and the date the check was written. (FAC ¶ 22). Any records concerning the hours Plaintiff worked or her compensation are allegedly in the possession of Defendants. (FAC ¶¶ 30–31). Plaintiff claims that Defendants did not properly compensate her for all the overtime hours that she worked per week, *i.e.*, those hours worked in excess of forty hours within a single work week. (FAC ¶¶ 23, 32). Plaintiff further asserts that she should have been compensated at one-and-a-half times her regular rate of pay for every hour of overtime that she worked per week. (FAC ¶ 36).

Accordingly, Plaintiff brought this action on December 27, 2017 against Defendants to recover the overtime payments she is allegedly entitled to. (ECF No. 1). On March 19, 2018,

Plaintiff amended her Complaint, in which she asserts causes of action for violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.* ("FLSA"), and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a *et seq.* ("NJWHL"). (*See* FAC). Defendants filed a Motion to Dismiss the Amended Complaint, claiming that Plaintiff was not their employee, but instead was employed solely by their father, who has since passed away. (ECF No. 13-2).

## II.  LEGAL STANDARD

To withstand a motion to dismiss for failure to state a claim, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

To determine the sufficiency of a complaint under *Twombly* and *Iqbal* in the Third Circuit, the Court must take three steps. "First, it must tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quotations and citations omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as

well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

### III. ANALYSIS

The issue before this Court is whether Plaintiff has alleged sufficient facts to show that Defendants were her employers and are therefore potentially liable for her unpaid overtime compensation. Pursuant to the FLSA, "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). The definition of employer in the FLSA should be defined "expansively" and "with striking breadth." *In re Enter. Rent-A-Car Wage & Hour Emp't Practices Litig.*, 683 F.2d 462, 467 (3d Cir. 2012) (citations omitted). "The Supreme Court has even gone so far as to acknowledge that the FLSA's definition of an employer is 'the broadest definition that has ever been included in any one act.'" *Id.* at 467–68 (quoting *United States v. Rosenwasser*, 323 U.S. 360, 363 n.3 (1945)). When determining whether an individual is an employer under the FLSA, courts must look at the economic realities of the case rather than any "technical concepts." *Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33 (1961). Some factors that courts have considered in making this determination include whether the alleged employer: "(1) had the power to hire and fire the employee[ ], (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 667 F.3d 408, 418 (3d Cir. 2012) (quoting *Herman v. RSR Sec. Serv. LTD*, 172 F.3d 132, 139 (2d Cir. 1999)).

Here, Plaintiff has sufficiently alleged that Defendants controlled significant portions of her employment and were likely one of her employers for purposes of this motion. In her Amended Complaint, Plaintiff states that Defendants "managed the day to day operations, controlled pay

4

practices and had the power to change same, and the power to hire and fire Plaintiff, set her wages, and otherwise control the terms of her employment." (FAC ¶ 10). Specifically, Defendants and their sister hired Plaintiff. (FAC ¶ 11). Defendants scheduled when and where Plaintiff would work, and detailed what tasks Plaintiff would perform for Defendants' father. (FAC ¶¶ 14–20). Moreover, Defendants oversaw Plaintiff while she performed her duties, and paid Plaintiff either from a joint account or another account that Plaintiff claims Defendants controlled. (FAC ¶¶ 12, 13, 21, 22).

Defendants argue that their father was Plaintiff's sole employer, and deny several of the facts asserted by Plaintiff. (*See* ECF No. 13-2). For example, Defendants claim they did not pay Plaintiff using their own accounts, did not set her wages, and only wrote Plaintiff's schedule at their father's request. (*Id.* at 3–4). However, the facts advanced by Defendants at most raise disputes of material fact, which are not relevant at this early stage of the litigation. *See Connelly*, 809 F.3d at 787 (explaining that the Court should assume the veracity of Plaintiff's "well-pleaded factual allegations" when deciding a motion to dismiss for failure to state a claim) (quotations and citations omitted). Considering Plaintiff has alleged sufficient facts to show that Defendants were her employers under the FLSA's expansive definition, and that the Court must accept Plaintiff's well-pleaded allegations as true, Plaintiff's Amended Complaint must survive dismissal.

Furthermore, even if Defendants were correct and Plaintiff was an employee of their father, the FLSA allows for an individual to have joint employers. *In re Enter.*, 683 F.3d at 467 (citing 29 C.F.R. § 791.2(a)). Two individuals qualify as "joint employers" when they each exercise "significant control" over the employee. *Id.* at 468 (citations omitted). To determine whether an entity or individual is a joint employer of the employee, the Third Circuit applies four factors similar to those articulated in *Haybarger*, 667 F.3d at 418. *See Id.* at 469. These factors include

whether said entity or individual has the power to: (1) hire and fire an employee; (2) promulgate work rules and assignments to an employee; (3) supervise the employee; and (4) control the employee's records, such as payroll. *Id.* Here, Plaintiff's allegations meet the factors articulated in both *Haybarger*, 667 F.3d at 418, and *In re Enter.*, 683 F.3d at 469. As discussed above, Defendants hired Plaintiff, controlled her schedule and work duties, oversaw her work, compensated her, and supposedly kept copies of her records if any existed. (FAC ¶¶ 11–21, 30–31). Therefore, Plaintiff has alleged sufficient facts, when accepted as true, to show that Defendants were potentially her employers, or, alternatively, that she potentially was jointly employed by Defendants and their father. Accordingly, Defendants' Motion to Dismiss is denied.[3]

## IV. CONCLUSION

For the aforementioned reasons, the Court hereby denies Defendants' Motion to Dismiss Plaintiff's Amended Complaint. An appropriate Order follows this Opinion.

Date: July 31st, 2018

JOSE L. LINARES
Chief Judge, United States District Court

---

[3] As the NJWHL is to be construed in parallel and as broadly as the FLSA, *see Thompson v. Real Estate Mortg. Networks, Inc.*, 106 F. Supp. 486, 491 (D.N.J. 2015) (citing *Hargrove v. Sleepy's, LLC*, 220 N.J. 289, 313 (2015)), Defendant's motion is also denied to the extent it seeks to dismiss Plaintiff's NJWHL claim for the same reasons articulated above.

6